# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| BERNIECE A. BURSH, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 5:21-cv-00095 |
| SECURITY SERVICE FEDERAL CREDIT UNION, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANSUNION LLC, | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

NOW comes BERNIECE A. BURSH ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of SECURITY SERVICE FEDERAL CREDIT UNION ("SSFCU"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), and TRANSUNION LLC ("TransUnion") (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq*.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FCRA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1681p, 28 U.S.C. §§1331 and 1337(a), as the action arises under the laws of the United States.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Western District of Texas, and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Texas.

4. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

## PARTIES

5. Plaintiff is a natural person over 18 years-of-age residing in San Antonio, Texas, which falls within the Western District of Texas.

6. SSFCU is a federally insured, federally chartered, $8 billion, natural person credit union with more than 925,000 members, operating from 70 service centers in the U.S. states of Texas, Colorado, and Utah. SSFCU has a principal place of business located at 16211 La Cantera Parkway, San Antonio, Texas. SSFCU regularly conducts business with consumers in Texas, and SSFCU also uses mail, telephone, and credit reporting for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the State of Texas. SSFCU is a furnisher of credit information to the major credit reporting agencies, including Experian and TransUnion.

7. Experian is a consumer reporting agency that maintains credit information on approximately 220+ million U.S. consumers and 40 million active U.S. businesses.[1] Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis,

---

[1] https://www.experian.com/corporate/experian-corporate-factsheet.html

2

including in the state of Texas. Experian maintains its principal place of business at 475 Anton Boulevard, Costa Mesa, California.

8. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Texas.  TransUnion's registered agent is located at 251 Little Falls Drive, Wilmington, Delaware.

### FACTS SUPPORTING CAUSE OF ACTION

9. During the summer of 2017, Plaintiff obtained a line of credit through SSFCU, in order to purchase personal and household goods.

10. Shortly thereafter, Plaintiff defaulted on her monthly payments owed to SSFCU, thus incurring debt ("subject debt").

11. The subject debt was associated with an SSFCU account number ending in 8000.

12. In August 2018, SSFCU agreed that it would forgive the subject debt and would request deletion of its trade line on the same.

13. Both Plaintiff and SSFCU memorialized this agreement in writing.

14. Around the fall of 2018, Plaintiff was interested in improving her credit, so she accessed her consumer report, and much to Plaintiff's surprise, the subject debt was being reported on Plaintiff's TransUnion and Equifax Information Services, LLC ("Equifax") credit reports as "120 Days Past Due" with a "Balance" of $905.00.

15. Plaintiff was perplexed by this reporting, as she and SSFCU had explicitly agreed that the subject debt would be waived and deleted from her credit history.

16. Plaintiff initiated disputes with TransUnion and Equifax, to no avail, resulting in Plaintiff filing a lawsuit against SSFCU, TransUnion, and Equifax, stemming from the inaccurate reporting.

17. After that litigation, the subject debt was removed from all of Plaintiff's credit reports.

18. However, in approximately April 2020, Plaintiff was reviewing her credit reports and noticed the subject debt, with an account number ending in 8000, was once again being reported on her TransUnion and Experian credit reports, as having a past due balance of approximately $1,199.00. The reporting similarly suggested that the subject debt was related to an account that was opened on April 24, 2019, which was demonstrably false as Plaintiff never opened an account with SSFCU after the original account giving rise to the subject debt.

19. Plaintiff was completely flabbergasted that she was once again forced to deal with the subject debt, despite her having no obligation on such debt and her previous efforts to remove such derogatory and erroneous information from her credit reports.

20. Consequently, Plaintiff initiated written credit disputes with TransUnion and Experian on or about April 16, 2020. Specifically, Plaintiff stated that she never opened an account with SSFCU on April 24, 2019, further requesting that Experian and TransUnion remove the erroneous credit reporting of the SSFCU account as she no longer had any obligation remaining on the subject debt.

21. Upon information and belief, SSFCU received notice of Plaintiff's disputes within five days of Plaintiff initiating the disputes with Experian and TransUnion. *See* 15 U.S. Code § 1681i(a)(2).

22. Neither TransUnion nor Experian responded to Plaintiff's April disputes within 30 days of the disputes.

23. Rather than conduct a reasonable investigation into Plaintiff's disputes, TransUnion and Experian simply continued to report the inaccurate trade line.

24. Thereafter, on or about October 26, 2020, Plaintiff submitted further written disputes to TransUnion and Experian regarding their reporting of the subject debt, reiterating the information provided in April.

25. Upon information and belief, SSFCU received notice of Plaintiff's subsequent disputes within five days of Plaintiff initiating such disputes with Experian and TransUnion. *See* 15 U.S.C. § 1681i(a)(2).

26. Experian and TransUnion failed to reasonable investigate Plaintiff's credit disputes within 30 days of Plaintiff's disputes. Specifically, neither Experian nor TransUnion ever provided any response to Plaintiff's multiple credit disputes despite being provided clear information that the subject debt was not due and owing by Plaintiff.

27. As such, despite having actual knowledge that Plaintiff was not obligated to pay the subject account and after receiving Plaintiff's disputes, Defendants continued to report the subject debt as being opened on the wrong date and reflecting a balance owed despite Plaintiff's lack of obligation on the subject debt.

28. The reporting of the SSFCU trade line is patently inaccurate and materially misleading because pursuant to the written agreement entered into by Plaintiff and SSFCU, Plaintiff no longer had any obligation on the subject account.

### IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE

29. The erroneous reporting of the subject account paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the subject account has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff cannot honor her financial obligations, and thus a high-risk consumer.

30. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to her ability to obtain financing and/or credit opportunities, and to regain a firm foothold on her creditworthiness, credit standing, and credit capacity.

31. As a result of the conduct, actions, and inactions of Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, out of pocket expenses, including the purchase of a comprehensive 3-in-1 credit report, to help monitor Defendants' reporting, the purchase of IdentityIQ membership to further monitor Defendants' reporting, the loss of credit opportunity, decreased credit score, tracking the status of her disputes, monitoring her credit files, and mental and emotional pain and suffering.

32. Due to the conduct of Defendants, Plaintiff was forced to retain counsel, yet again, to correct the inaccuracies in her Experian and TransUnion credit files.

## COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST SSFCU)

33. Plaintiff restates and reallages paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

35. SSFCU is a "person" as defined by 15 U.S.C. §1681a(b).

36. SSFCU is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

37. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

38. SSFCU violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from TransUnion, Experian and Plaintiff.

39. SSFCU violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, provided by TransUnion, Experian and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

40. Had SSFCU reviewed the information provided by TransUnion, Experian and Plaintiff, it would have corrected the inaccurate designation of the subject account, and transmitted the correct information to TransUnion and Experian. Instead, SSFCU wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

41. SSFCU violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's dispute with TransUnion and Experian.

42. SSFCU violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to TransUnion and Experian after being put on notice and discovering inaccurate and misleading reporting with respect to the subject account.

43. SSFCU violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information in Plaintiff's TransUnion and Experian credit files.

44. SSFCU failed to conduct a reasonable investigation of its reporting of the subject account, record that the information was disputed, or delete the inaccurate information from Plaintiff's TransUnion and Experian credit files within 30 days of receiving notice of the disputes from TransUnion and Experian under 15 U.S.C. §1681i(a)(1).

45. Despite the blatantly obvious errors in Plaintiff's TransUnion and Experian credit files, which Plaintiff had previously addressed through litigation, and Plaintiff's efforts to correct the errors, SSFCU did not correct the errors or trade line to report accurately. Instead, SSFCU wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's dispute to one or more third parties.

46. A reasonable investigation by SSFCU would have confirmed the veracity of Plaintiff's dispute, especially given the previous litigation, yet the inaccurate information remains in Plaintiff's TransUnion and Experian credit files.

47. Had SSFCU taken steps to investigate Plaintiff's valid disputes or TransUnion's and Experian's requests for investigation, it would have permanently corrected the erroneous and misleading credit reporting.

48. By deviating from the standards established by the debt collection industry and the FCRA, SSFCU acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to TransUnion and Experian.

WHEREFORE, Plaintiff, BERNIECE A. BURSH, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing SSFCU to immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST EXPERIAN)

49. Plaintiff restate and realleges paragraphs 1 through 48 as though fully set forth herein.

50. Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

51. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

52. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

53. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

54. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

55. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

56. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

57. Plaintiff provided Experian with all relevant information in her April request for investigation to reflect that she is no longer liable for the subject account.

58. Experian failed to respond and prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the subject account as past due with a balance owed, when in fact, Plaintiff was no longer obligated to pay on the subject account.

59. At that point, in an attempt to correct Experian's continued failure to accurately report the subject debt, Plaintiff submitted a second request for investigation to Experian.

60. Once again, Experian failed to respond, and instead prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the subject account as past due with a balance owed.

61. Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Experian prepared patently false and materially misleading consumer reports concerning Plaintiff.

62. Experian violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

63. Experian violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to SSFCU. Upon information and belief, Experian also failed to include all relevant information as part of the notice to SSFCU regarding Plaintiff's dispute that Experian received from Plaintiff.

64. Experian violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject account.

65. Experian violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's disputes.

66. Experian violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from SSFCU that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

67. Experian knew that the inaccurate reporting of the subject account in Plaintiff's credit files under the SSFCU trade line as delinquent and with a balance due would have a significant adverse

impact on Plaintiff's credit worthiness and her ability to receive financing and/or credit opportunities.

68. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

69. Despite actual knowledge that Plaintiff's credit files contained erroneous information, Experian readily sold Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

70. By deviating from the standards established by the credit reporting industry and the FCRA, Experian acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

71. It is Experian's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

72. Experian's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting her credit information accurately.

73. Experian acted reprehensively and carelessly by reporting and re-reporting Plaintiff as continually in collections after Plaintiff put Experian on notice that she was not obligated to pay the subject account.

74. Experian has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

75. As stated above, Plaintiff was severely harmed by Experian's conduct.

WHEREFORE, Plaintiff, BERNIECE A. BURSH, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that Experian immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT III - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST TRANSUNION)

76. Plaintiff restates and realleges paragraphs 1 through 75 as though fully set forth herein.

77. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

78. TransUnion is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

79. At all times relevant, the above-referenced credit reports were "consumer reports" as that term is defined by §1681a(d).

80. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

...

81. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

82. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

83. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

84. Plaintiff provided TransUnion with all relevant information in her April request for investigation to reflect that she is no longer liable for the subject account.

85. TransUnion failed to respond and prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the subject account as past due with a balance owed, when in fact, Plaintiff was no longer obligated to pay on the subject account.

86. At that point, in an attempt to correct TransUnion's continued failure to accurately report the subject debt, Plaintiff submitted a second request for investigation to TransUnion.

87. Once again, TransUnion failed to respond, and instead prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the subject account as past due with a balance owed.

88. TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, TransUnion prepared patently false and materially misleading consumer reports concerning Plaintiff.

89. TransUnion violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

90. TransUnion violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to SSFCU. Upon information and belief, TransUnion also failed to include all relevant information as part of the notice to SSFCU regarding Plaintiff's dispute that TransUnion received from Plaintiff.

91. TransUnion violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject account.

92. TransUnion violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

93. TransUnion violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from SSFCU that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

94. TransUnion knew that the inaccurate reporting of the subject account in Plaintiff's credit files under the SSFCU trade line as delinquent and with a balance due would have a significant adverse impact on Plaintiff's credit worthiness and her ability to receive financing and/or credit opportunities.

95. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

96. Despite actual knowledge that Plaintiff's credit files contained erroneous information, TransUnion readily sold Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

97. By deviating from the standards established by the credit reporting industry and the FCRA, TransUnion acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

98. It is TransUnion's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

99. TransUnion's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting her credit information accurately.

100. TransUnion acted reprehensively and carelessly by reporting and re-reporting Plaintiff as continually in collections after Plaintiff was not obligated to pay the subject account.

101. TransUnion has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

102. TransUnion's conduct is particularly egregious under these circumstances, given the previous litigation relating to the subject debt.

103. As stated above, Plaintiff was severely harmed by TransUnion's conduct.

WHEREFORE, Plaintiff, BERNIECE A. BURSH, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that TransUnion immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c.  Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d.  Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e.  Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f.  Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g.  Award any other relief as this Honorable Court deems just and appropriate.

Dated: February 3, 2021                                Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Western District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com